PEDRO ANGEL RODRÍGUEZ, by his mother with *patria potestas,* ISABEL RODRÍGUEZ MIRANDA, Plaintiff and Appellant, *v.* EMILIO ISAAC GARCÍA, as testamentary executor and presumptive heir of CONSTANTINO DAMIANI Y DOMINICCI, Defendant and Appellee.

No. 3250. Argued May 9, 1924.—Decided March 9, 1925.

1. PARENT AND CHILD—NATURAL CHILD—FILIATION—CONCUBINAGE.—Allegations that a child was born in 1906 while its parents, who were single and could have married, were living in concubinage, are sufficient upon which to maintain an action of filiation against the father.

2. ID.—ID.—ID.—PRIVATE INTERNATIONAL LAW.—When the putative father and the child have lived in Porto Rico and the acts of acknowledgment took place in Porto Rico the laws of Porto Rico are applicable in an action of filiation and not the laws of France, of which the father was a citizen.

3. ID.—ID.—DOMICILE.—The domicile of a natural child not lawfully acknowledged by the father is the domicile of the mother.

District Court of Ponce, R. Díaz Cintrón, J.  Judgment for the defendant in an action of filiation.  *Reversed and remanded.*

*Martínez Nadal, Tormes & Colón* for the appellant.  *D. Sepúlveda* for the appelleè.

MR. JUSTICE ALDREY delivered the opinion of the court.

[1] This action was brought by a minor, represented by his mother, against the sole testamentary heir and executor of Constantino Damiani Dominicci, the prayer being that the plaintiff be adjudged the acknowledged natural child of said Constantino Damiani Dominicci.  It was alleged that the plaintiff's mother and Damiani, while single and without lawful impediment to marry, sustained amorous relations from 1904 to 1907, living publicly in concubinage under the same roof as man and wife; that as a result of such relations the plaintiff was born on May 7, 1906, in San Germán, of which his mother was a resident; that up to the time of his death Damiani supported the mother and at all times treated the child as his son, who enjoyed the possession of the status of a natural child.  These facts are sufficient to support the action of filiation, inasmuch as they are included in section 189 of the Civil Code in force in 1906, the year in which the plaintiff was born.  About this there is no controversy between the parties.

[2] The controversy arises on other allegations of the complaint to which the defendant demurred on the grounds that the lower court had no jurisdiction of the matter and that the complaint did not state facts sufficient to constitute a cause of action.  The court sustained the demurrer on the second ground and dismissed the complaint, from which judgment this appeal was taken.  The said allegations are as follows: That Constantino Damiani y Dominicci was a French citizen who for more than thirty years had resided

in Porto Rico, where he made his will and died in the year 1923.

The appellee's demurrer in the trial court was based on various sections of the French Civil Code and on a French judgment which he inserted in his pleading; but we shall ignore these citations for the reason that the courts of Porto Rico can not take judicial notice of foreign statutes and judgments, which must be proved in each case. Nor can we take judicial notice of these statutes and judgments, albeit they may have been considered by this court in another case, as contended by the appellee, for in each case it is necessary to prove not only the existence of the foreign statute, but also that it was in force at the time of the occurrence of the facts to which it is sought to be applied. But the appellee also cited in his demurrer the opinion of this court in the case of *Casiano* v. *Lucchetti*, 24 P.R.R. 106, and the appellant now alleges that the trial court erred in applying the doctrine of the case cited to the present case. Undoubtedly, the former consideration of this question will facilitate the decision of this case.

In the *Casiano Case, supra,* the action of filiation was based on an acknowledgment of the child by the father, a French citizen, in a holographic will made by him in France, where he died, the will having been protocoled in a notarial office in Porto Rico; and in applying the French law on the acknowledgment of natural children we held that the French Civil Code did not regard a holographic will as a solemn and authentic act by which a father expresses his intention to give the child a status, but required the father to appear before some public functionary and execute the act when the child was not acknowledged at the time of its birth; and also that the protocolization of the will in this Island did not make it authentic, for which reasons the complaint was dismissed.

From the foregoing it may be seen that the case cited

is not applicable to the present case, for in that case the acknowledgment was based on a document executed in France by a Frenchman; therefore, it was necessary to decide whether in accordance with the laws of that country the acknowledgment of a natural child made in such a document was an authentic acknowledgment of paternity, while in the instant case all of the acts alleged as constituting an acknowledgment were performed in Porto Rico, where the child was born and where Damiani was domiciled.

The theory applicable is that of the case of *Orama* v. *Oyanguren,* 19 P.R.R. 788, in which it was held that "the action which may be brought by a child to secure by means of evidence a decree designating his natural father, is a personal right of his, therefore when the child is in possession of such right it should be governed by the law under which it was acquired and all matters concerning the status of the person should be governed by the law of the country of the person who brings the action. The civil status of citizens is governed entirely by the laws of their own country and can be determined only pursuant thereto."

[3] The domicile of a natural child not lawfully acknowledged by the father is the domicile of the mother. 12 C. J. 460, par. 48.

For the foregoing reasons the judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent with this opinion.